```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: MAR 1 5 2012
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- X
                                     :
BARRY F. WILLMAN,                    :
                                     :
                   Plaintiff,        :      11 Civ. 1216 (KBF)
                                     :
        -v-                          :      MEMORANDUM OPINION
                                     :          & ORDER
ZELMAN & ASSOCIATES, LLC, ZELMAN     :
HOLDINGS, LLC, ZELMAN PARTNERS, LLC, :
Z ASSOCIATES, LLC, IVY L. ZELMAN and :
DAVID S. ZELMAN,                     :
                                     :
                   Defendants.       :
                                     :
------------------------------------- X

KATHERINE B. FORREST, District Judge:

    On February 22, 2011, Barry F. Willman filed his

original complaint against Ivy L. Zelman and David S.

Zelman (the "individual Zelman defendants"), as well as

Zelman & Associates, LLC, Zelman Holdings, LLC, Zelman

Partners, LLC and Z Associates, LLC (the "defendant

companies") (collectively, "defendants").  He amended his

complaint on September 16, 2011, alleging nineteen separate

causes of action.  Federal jurisdiction is premised solely

on the Fifteenth Cause of Action for age discrimination in

violation of the Age Discrimination in Employment Act, 29

U.S.C. §§ 621, et seq. ("ADEA").  The bulk of plaintiff's

remaining claims are either state or city law versions of

the ADEA claim (i.e., the Sixteenth and Seventeenth Causes

of Action brought under the New York State Human Rights Law, N.Y. Exec. L. § 296 ("NYSHRL") and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-502 ("NYCHRL"), respectively) or are assorted contract, quasi-contract and tort claims that are essentially pleading in the alternative (i.e., the Second through Fourteenth and Eighteenth Causes of Action). The final claim — the Nineteenth Cause of Action — is for conversion. Defendants argue that the complaint fails adequately to allege an ADEA claim — and that this Court should decline to exercise jurisdiction over the remaining state law claims. Even if this Court finds that the ADEA claim survives a motion to dismiss, defendants urge this Court to nonetheless decline to exercise jurisdiction over the state and city law claims.

For the reasons set forth below, defendants' motion to dismiss is DENIED as to all counts except for the Nineteenth Cause of Action for conversion. While there is much duplication and overlap in many of the causes of action, the Court will await further development of these proceedings before requiring further narrowing.

BACKGROUND

The amended complaint contains lengthy, detailed allegations, many of which are unnecessary for this Court to set forth or discuss on this motion to dismiss. The following facts are those necessary to establish the sufficiency of the pleadings as to all but the Nineteenth Cause of Action. They are assumed to be true for the purposes of this motion. LaFaro v. New York Cardiothoracic Grp., PLLC, 570 F.3d 471, 475 (2d Cir. 2009).

In the spring of 2007, plaintiff Willman and the individual Zelman defendants discussed setting up a business together. (Am. Compl. ¶¶ 14-21.) On April 4, 2007, Willman and the individual Zelman defendants entered into an oral agreement pursuant to which plaintiff was designated the Chief Operating Officer of the business; each of Willman and the individual Zelman defendants would be considered "Co-Founders" and agreed to forego salary and all other cash compensation until after the business began to earn revenue; the Co-Founders would receive certain cash bonuses; and plaintiff Willman would receive a "founder's equity stake" in the business. (Id. ¶ 21.)

Thereafter, plaintiff and the individual Zelman defendants undertook a number of actions to launch the business and obtain various regulatory approvals. (See

e.g., id. ¶ 37.)   Plaintiff and Mr. Zelman were the only
co-founders and employees of Z Associates, LLC when it was
first formed.  (See id. ¶ 27.)   Z Associates, LLC was the
predecessor company to various associated companies —
Zelman & Associates, LLC, Zelman Partners, LLC, and Zelman
Holdings, LLC.  (Id. ¶ 27.)   The defendant companies began
to earn revenue in 2007.  (See e.g., id. ¶¶ 38, 41.)   On
December 19, 2007, the individual Zelman defendants
affirmed that plaintiff would receive a founder's equity
stake in the defendant companies in 2008.  (Id. ¶ 43.)

In the spring of 2008, defendant Mr. Zelman terminated
a 52-year old male employee, Neil O'Brien.  Shortly after
this individual was terminated, defendant Mr. Zelman told
plaintiff that "O'Brien was too old" and that he had
concluded that "I'm just going to hire young guys."  (Id.
¶¶ 49, 50.)

On March 17, 2008, defendant Mr. Zelman reiterated
that plaintiff would be receiving an equity stake in the
business.  (Id. ¶ 52.)   Shortly thereafter, plaintiff was
alerted to possible improper expenses being charged to
corporate accounts and on several occasions raised concerns
with the individual Zelman defendants regarding these
expenses.  (See e.g., id. ¶¶ 59, 66.)

4

On December 11, 2008, defendants informed plaintiff Willman that defendant Mr. Zelman had decided to terminate his employment and their partnership effective immediately. (Id. ¶ 80.)  Plaintiff alleges that "Mr. Zelman did not provide a reason for his decision" but that plaintiff was the oldest employee of the defendant companies at that time.  (Id.)  The roles that plaintiff had filled for the defendant companies were subsequently filled with younger individuals.  (See e.g., id. ¶¶ 81, 82.)  Plaintiff Willman did not receive the total compensation or the equity stake that he had been assured by the individual Zelman defendants he would receive.  (Id. ¶¶ 83, 84.)

From September 2008 through October 2010, defendants have hired employees primarily in the age range of 20 to 30-years old, with one employee aged 50 (hired in November 2009).  (Id. ¶ 94, Table 1.)


DISCUSSION

I.   Standard of Review

To survive a Rule 12(b)(6) motion to dismiss, "the plaintiff must provide the grounds upon which [its] claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'"  ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d

Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  In other words, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." Starr v. Sony BMG Music Entm't, 592 F.3d 314, 321 (2d Cir. 2010) (quoting Twombly, 550 U.S. at 570).  See also Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (same).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1973-74.  In applying that standard, the court accepts as true all well-plead factual allegations, but does not credit "mere conclusory statements" or "threadbare recitals of the elements of a cause of action." Id.  If the court can infer no more than "the mere possibility of misconduct" from the factual averments, dismissal is appropriate. Starr, 592 F.3d at 321 (quoting Iqbal, 129 S. Ct. at 1950).

## II.  The Age Discrimination Claims

In age discrimination cases, courts employ the burden-shifting analysis established by the Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-03 (1973).  Under the McDonnell Douglas framework, the

plaintiff bears the initial burden of proving a *prima facie* case of discrimination.   See *e.g.*, Attard v. City of New York, 10 Civ. 4224, 2011 WL 6225249 (2d Cir. Dec. 15, 2011).  In order to state a *prima facie* case of age discrimination, a plaintiff must show that he was (1) a member of a protected class; (2) qualified for the position; (3) suffered an adverse employment action; and (4) the circumstances of the action give rise to an inference of discrimination.   See *e.g.*, Barbosa v. Continuum Health Partners, Inc., 716 F. Supp. 2d 210, 215 (S.D.N.Y. 2010).

At the motion to dismiss stage, "a plaintiff is not required to come forth with allegations sufficient to make a *prima facie* case of employment discrimination or to satisfy the burden-shifting framework of McDonnell Douglas."   Mabry v. Neighborhood Defender Serv., 769 F. Supp. 2d 381, 390 (S.D.N.Y. 2011).  In Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 (2002), the Supreme Court held that age discrimination claims need only "include a short and plain statement of the claims . . . [that] give[s] the defendant fair notice of what plaintiff's claim is and the grounds upon which it rests."   Id.  See also Fowler v. Scores Holding Co., Inc., 677 F. Supp. 2d 673, 679 (S.D.N.Y. 2009).  Swierkiewicz remains good law after

Iqbal.  See Twombly, 550 U.S. at 569-70.  "Accordingly, to
overcome a Rule 12(b)(6) motion to dismiss in an employment
discrimination case, a complaint must give fair notice of
the basis of plaintiff's claims and the claims must be
facially plausible."  Mabry, 769 F. Supp. 2d at 390.

Here, plaintiff has stated a claim under the ADEA that
gives fair notice to defendants and is plausible.  He has
alleged that he is a member of a protected age group, that
he has experienced several adverse employment actions
(termination, not receiving compensation and equity stakes
as promised), and that there are circumstances that give
rise to an inference that these actions may have been
motivated by age discrimination.  These circumstances
include the replacement of plaintiff with a younger and
less-qualified colleague.  (Am. Compl. ¶ 81-82.)  That is
enough to state a plausible claim for age discrimination.
See Carlton v. Mystic Transp., Inc., 202 F.3d 129, 135 (2d
Cir. 2000) ("Generally, a plaintiff's replacement by a
significantly younger person is evidence of age
discrimination.").  See also Fagan v. U.S. Carpet
Installation, Inc., 770 F. Supp. 2d 490, 493 (E.D.N.Y.)
(denying a motion to dismiss where plaintiffs pleaded that
they were "replaced by male employees in their 30's, who
they contend were less qualified and experienced than they

were"); Chacko v. Worldwide Flight Servs., Inc., 08 Civ. 2363, 2010 WL 424025, at *4 (E.D.N.Y. Feb. 3, 2010) (denying a motion to dismiss where "Plaintiff alleges that he was rejected in favor of a younger and less-qualified Caucasian colleague").

Although for purposes of this motion plaintiffs are not required to plead that age discrimination was the "but-for" cause of his termination, see Fagan, 770 F. Supp. 2d at 495, ultimately, plaintiff will be confronted with the standard set forth by the Supreme Court in Gross v. FBL Financial Services, Inc., 557 U.S. 167, 129 S. Ct. 2343, 2351 (2009). In Gross, the Court made clear that to prevail on an age discrimination claim, the "plaintiff has the burden of persuasion to establish that age was the 'but-for' cause of the employer's adverse action." Id. While the record here still has to be developed, this Court has serious doubts that plaintiff's allegations will withstand a motion for summary judgment and, specifically, the Gross standard.[1] At this stage, however, the ADEA claim has been stated with sufficient particularity to proceed.

---

[1] Courts in this District have found that "NYCHRL claims remain subject to the standard that requires age to be only a 'motivating factor' for the adverse employment action, rather than the 'but-for' cause." See Colon v. Trump Intern. Hotel & Tower, 10 Civ. 4794, 2011 WL 6092299 (S.D.N.Y. Dec. 10, 2011). Even under this more lenient standard, though, this Court finds it doubtful that plaintiff will be able to withstand a motion for summary judgment.

For the same reasons that this Court finds that
plaintiff has adequately plead a claim under the ADEA, it
finds that the claims under the NYSHRL and the NYCHRL are
also adequately plead.  See Alvarez v. Rosa, 11 Civ. 3818,
2012 WL 651630, at *4 (S.D.N.Y Feb. 28, 2012) ("[A]ge-based
claims under the NYSHRL and NYCHRL are analyzed under the
same framework as ADEA claims.").

Defendants also move to dismiss the age discrimination
claims asserted against defendant Z Associates based on
plaintiff's failure to plead the number of employees that Z
Associates had at the relevant periods — an issue that goes
to whether Z Associates can be considered an "employer"
under federal, state and city age discrimination statutes.
(See Mem. of Law in Supp. of Defs.' Mot. to Dismiss at 14
n.14.)  The Court declines at this stage — i.e., prior to
any apparent discovery on this point — to dismiss the age
discrimination claims against defendant Z Associates on
this basis.  In this matter, the numerocity requirement is
an issue that calls for discovery.  See Foresta Capital
Mgmt., LLC, 379 F. App'x 44, 46-47 (2d Cir. 2010) ("[W]e
vacate the judgment of the District Court and remand the
case to permit plaintiff to take additional discovery
relating to [defendant's] status as an 'employer' under the
ADA.")

III. <u>Supplemental Jurisdiction</u>

Having found that the ADEA claim survives, the Court will retain jurisdiction over the state law causes of action asserting contract, quasi-contract and tort claims (<u>i.e.</u>, the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Eleventh, Twelfth, Thirteenth, Fourteenth, Eighteenth and Nineteenth Causes of Action).  Each of these claims turn on the same facts and circumstances — <u>i.e.</u>, the employment and termination of plaintiff — as plaintiff's claim asserted under the ADEA. Because these claims "derive from a common nucleus of operative fact," the exercise of supplemental jurisdiction by this Court is appropriate.  <u>See</u> <u>Dixon v. Int'l Fed'n of Accountants</u>, 416 F. App'x 107, 111 (2d Cir. 2011).  At base, the claims will rise and fall on the same proof and damages are largely if not entirely overlapping.

IV. <u>The State Law Claims (Except for the Age Discrimination and Conversion Claims)</u>

Defendants ask that this Court throw out each of the state law claims, except for the breach of contract claims (First and Eighth Causes of Action), as duplicative or failing to state a claim.  (Defs.' Mem. at 3.)  The Court

finds that (with the exception of the claim for conversion) (1) these claims have been properly plead and (2) they are largely in the nature of alternative pleading — and since defendants deny that they had a contract, or owe damages, the Court is unwilling to toss out one claim when another theory might prove to be the more appropriate at a later stage as discovery proceeds, see Seiden Assoc., Inc. v. ANC Holdings, Inc., 754 F. Supp. 37, 39-40 (S.D.N.Y. 1991) ("Both Fed. R. Civ. P. 8(e)(2) and the pleading rules of New York State law permit the pleading of contradictory claims alleging both breach of a contract, or in the alternative, a quasi contract. Dismissal of plaintiff's alternative theories at this stage would violate the liberal policy of rule 8(e)(2) which allows plaintiffs wide 'latitude' in framing their right to recover." (internal citations omitted)). Furthermore, these claims would not "expand the scope of discovery" and therefore "it makes sense to allow [them] to proceed at this stage and revisit them after discovery." Speedmark Transp., Inc. v. Mui, 778 F. Supp. 2d 439, 444 (S.D.N.Y. 2011) (gathering cases).

V.    The Conversion Claim

     To state a claim for conversion, plaintiff must do more than allege "the mere right to payment." Daub v.

Future Tech Enters., Inc., 65 A.D.3d 1004, 1006 (N.Y. App. Div. 2d Dep't 2009).  Plaintiff's allegations for conversion are contained in Paragraphs 257 through 266 of the Amended Complaint.  These allegations are simply a reiteration of the promises plaintiff claims defendants made.  His allegation to an equity stake in the business is merely an allegation for a right to payment based on that stake and does not separately provide him with a cause of action for conversion.  Accordingly, this claim fails and is DISMISSED.

VI.   Punitive Damages

        Defendants finally assert that plaintiff has not sufficiently plead allegations that support punitive damages — which plaintiff seeks for various causes of action.  (Defs.' Mem. at 24-25.)  Whether or not punitive damages are proper here is not something this Court will decide at this stage of the proceedings and will instead await the conclusion of discovery and any motions for summary judgment.  See Cohen v. Davis, 926 F. Supp. 399, 405 (S.D.N.Y. 1996) ("Whether the plaintiff is entitled to punitive damages under the circumstances alleged in the complaint is a factual issue that cannot be determined on a motion to dismiss.").

CONCLUSION

For the reasons set forth above, defendants' motion to dismiss is DENIED except as to the Nineteenth Cause of Action for conversion.


SO ORDERED.

Dated:    New York, New York
          March 15, 2012

                              _____
                              KATHERINE B. FORREST
                              United States District Judge